YEE & KAWASHIMA LLLP

JARED N. KAWASHIMA        6289
CHRISTIN D. WEHRSIG       10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
E-mail: christin@yklawhawaii.com

Attorneys for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAMCAH-UA LOCAL 675 | ) | CIVIL NO. _____ |
| PENSION FUND, by its Trustees, | ) | |
| Reginald V. Castanares, Jr., | ) | |
| Valentino B. Ceria, Matthew J. Brady, | ) | COMPLAINT; SUMMONS |
| Kent A. Matsuzaki, Mark K. Suzuki, | ) | |
| Samuel T. Fujikawa; PAMCAH-UA | ) | |
| LOCAL 675 ANNUITY FUND, by | ) | |
| its Trustees, Reginald V. Castanares, | ) | |
| Jr., Valentino B. Ceria, Matthew J. | ) | |
| Brady, Kent A. Matsuzaki, Mark K. | ) | |
| Suzuki, Samuel T. Fujikawa; | ) | |
| PAMCAH-UA LOCAL 675 | ) | |
| HEALTH & WELFARE FUND, by | ) | |
| its Trustees, Reginald V. Castanares, | ) | |
| Jr., Valentino B. Ceria, Matthew J. | ) | |
| Brady, Kent A. Matsuzaki, Mark K. | ) | |
| Suzuki, Samuel T. Fujikawa; | ) | |
| PAMCAH-UA LOCAL 675 | ) | |
| VACATION & HOLIDAY FUND, | ) | |
| by its Trustees, Reginald V. | ) | (Caption continued on next page) |
| Castanares, Jr., Valentino B. Ceria, | ) | |

Matthew J. Brady, Kent A. Matsuzaki,    )
Mark K. Suzuki, Samuel T. Fujikawa;     )
PAMCAH-UA LOCAL 675                      )
TRAINING FUND, by its Trustees,         )
Reginald V. Castanares, Jr., Valentino  )
B. Ceria, Matthew J. Brady, Kent A.     )
Matsuzaki, Mark K. Suzuki,              )
Samuel T. Fujikawa; PAMCAH-UA           )
LOCAL 675 COOPERATION                   )
FUND, by its Trustees, Reginald V.      )
Castanares, Jr., Valentino B. Ceria,    )
Matthew J. Brady, Kent A. Matsuzaki,    )
Mark K. Suzuki, Samuel T. Fujikawa      )
by and through their Administrator,     )
ERINN LIU,                              )
                                        )
   Plaintiffs,           )
                                        )
  vs.                         )
                                        )
HUALALAI MECHANICAL LLC, a              )
Hawaii limited liability company;       )
CLYDE SAKATA, individually;             )
JOHN DOES 1-10; JANE DOES 1-            )
10; DOE CORPORATIONS 1-10;              )
DOE PARTNERSHIPS 1-10; DOE              )
GOVERNMENTAL AGENCIES 1-                )
10, DOE TRUSTS 1-10,                    )
                                        )
   Defendants.           )
_____        )

## COMPLAINT

  COMES NOW Plaintiffs above named by and through their administrator

ERINN LIU, and for Complaint against Defendants above named, allege and aver

as follows:

1.      Plaintiffs are the Trustees of the PAMCAH-UA Local 675 Trust

Funds, which include the Health and Welfare, Training, Pension, Annuity,

Vacation & Holiday, and Cooperation Fund (hereinafter collectively referred to as

"Trust Funds").  Plaintiffs are fiduciaries with respect to the Trust Funds within the

meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

2.      Specifically, the Annuity fund is a money purchase pension plan and

the Pension fund is a defined benefit pension plan as defined in section 3(2) of

ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, and Vacation

& Holiday funds are employee welfare benefit plans as defined in section 3(1) of

ERISA, 29 U.S.C. § 1002(1).  The Trust Funds are multiemployer plans as defined

in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3.      The Trust Funds are jointly trusteed labor-management trust funds

created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §

186(c)(5).

4.      This action arises under the Labor-Management Relations Act, 1947,

as amended, the Employee Retirement Income Security Act of 1974, and the

Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully

appears.  Jurisdiction is founded on questions arising thereunder and more

specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).  Jurisdiction is proper

pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to

section 301(a) of the LMRA, 29 U.S.C. § 185(a).  Venue is proper pursuant to

section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the

LMRA, 29 U.S.C. § 185(a).

5.      At all times relevant herein, each of the above-named Trust Funds

was, and now is, an employee benefit plan organized and existing under the laws

of the United States and whose principal offices are in the City and County of

Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-

named Trust Funds was, and now is, an express trust created by a written trust

agreement subject to and pursuant to the Labor-Management Relations Act and a

multiple employer benefit plan within the meaning of Sections 3 and 4 of the

Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

6.      At all times relevant herein, upon information and belief, CLYDE

SAKATA ("Individual Defendant"), was a resident of the Island of Oahu, State of

Hawaii.

7.      Upon information and belief, at all times relevant herein Individual

Defendant was an officer of HUALALAI MECHANICAL LLC ("Hualalai

Mechanical").

8.      At all times relevant herein, Defendant Hualalai Mechanical was a

Hawaii limited liability company doing business in the State of Hawaii.  At all

material times Hualalai Mechanical was an employer within the meaning of section

3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of

the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was

engaged in an industry affecting commerce within the meaning of section 3(11)

and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of

section 501(1) of the LMRA, 29 U.S.C. § 142(1).

9.      Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10,

Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10

are sued herein under fictitious names for the reason that their true names and

identities are presently unknown to Trust Funds except that they are connected in

some manner with the named Defendants and/or were the agents, servants,

employees, employers, representative, co-venturers, associates of the named

Defendants and/or were in some manner presently unknown to the Trust Funds

engaged in the activities alleged herein and/or were in some manner responsible

for the injuries or damages to the Trust Funds.  Trust Funds have made a diligent

effort to ascertain the true names, identities, capacities, activities and/or

responsibilities of said unidentified Defendants but have been unable to do so to

date.  Trust Funds have made a diligent and good-faith effort to ascertain the full

name, identity, and interest in this action of Defendants John Does 1-10, Jane Does

1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies

1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to

locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

10.     On June 13, 2002, Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada ("Union") and Hualalai Mechanical executed an agreement wherein Hualalai Mechanical agreed to abide by the collective bargaining agreement with the Union (the "Bargaining Agreements").

11.     The Bargaining Agreements incorporate by reference trust agreements for Trust Funds.

12.     Trust Funds are third party beneficiaries of the Bargaining Agreements.

<u>COUNT I (Hualalai Mechanical – Contributions and Damages)</u>

13.     Hualalai Mechanical agreed to be bound by all the terms of the Bargaining Agreements and various trust agreements and is specifically required to do the following:

        (a)     To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or if no such persons are employed, to submit a report so stating;

(b)     To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

(c)     To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

(d)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of 10% of any and all contributions which are not received by Plaintiffs for a particular month prior to the 1st working day of the second succeeding month;

(e)     To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

(f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions.

14.     By agreeing to abide by such Bargaining Agreements, Hualalai Mechanical promised to submit reports and pay to the Trust Funds certain amounts monthly for employee benefits, for work and labor performed by Hualalai Mechanical's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreements.

15.     By said Bargaining Agreements and 29 U.S.C. §1132(g), Hualalai Mechanical agreed to be subject to and bound by all terms and conditions of the

various trust agreements, and further promised that in the event any monthly

contributions were not paid when due, Hualalai Mechanical would pay to each

trust fund liquidated damages in the amount of ten percent (10%) per annum, or

under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such

amount to be in lieu of the above-mentioned liquidated damages if the amount is

greater than the above-mentioned liquidated damages.

16.     Hualalai Mechanical failed to submit monthly reports and payments

for contributions for periods including August 2015, December 2015, and April

2016 to present.

17.     Hualalai Mechanical failed to submit payments for liquidated

damages incurred for periods including March 2015 to present.

18.     Hualalai Mechanical's obligations to Trust Funds, pursuant to said

Bargaining Agreements and trust agreements, to make contributions, are

continuing obligations and Hualalai Mechanical may accrue and owe additional

amounts plus liquidated damages and/or interest up to the time of trial or proof.

19.     At all times herein mentioned it was, and now is, impracticable and

extremely difficult to fix the amount of actual damages to Trust Funds as a result

of the non-payment of said contributions.  The amounts agreed upon herein, as

hereinbefore alleged, as and for liquidated damages, represented and now represent

a reasonable endeavor to ascertain and compensate for the damages caused the

Trust Funds by the non-payment of said contributions.

20.     By said Bargaining Agreements, Hualalai Mechanical further

promised that if it became necessary for Trust Funds to take legal action to enforce

payment of contributions and/or liquidated damages from Hualalai Mechanical,

Hualalai Mechanical would pay all court and collection costs and reasonable

attorney's fees of 25% from the total amount of contributions and damages due

from Hualalai Mechanical.

21.     Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as

amended by the Multiemployer Pension Plan Amendments Act ("MPPAA")

govern the enforcement of employer contributions to employee pension and

welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions
> to a multiemployer plan under the terms of the plan or
> under the terms of a collectively bargained agreement
> shall, to the extent not inconsistent with law, make such
> contributions in accordance with the terms and conditions
> of such plan or such agreement.

22.     Section 515 is reinforced by the remedial provisions of ERISA section

502(g):

> (2) In any action under this subchapter by a fiduciary for
> or on behalf of a plan to enforce section 1145 of this title
> in which a judgment in favor of the plan is awarded, the
> court shall award the plan —

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of

(i) interest on the unpaid contributions, or
(ii) liquidated damages provided for under the
plan in an amount not in excess of 20 percent (or
such higher percentage as may be permitted under
Federal or State law) of the amount determined by
the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action,
to be paid by the defendant, and

(E) such other legal or equitable relief as the court
deems appropriate.  For purposes of this paragraph,
interest on unpaid contributions shall be determined
by using the rate provided under the plan, or, if none,
the rate prescribed under section 6621 of Title 26.

23.     Hualalai Mechanical's failure to transmit reports, and payment for

contributions and liquidated damages in a timely fashion to Trust Funds for hours

worked by its employees caused damage to Trust Funds in an amount to be proven

at trial.

## COUNT II (Individual Defendant – Alter Ego)

24.     Trust Funds repeat, reallege and incorporate by reference each and

every allegation set forth above.  Upon information and belief, at all relevant times,

25.     Upon information and belief, at all relevant times, Hualalai

Mechanical was the alter ego and/or the mere instrumentality of Individual

Defendant based on all or some of the following relevant factors:

a) Undercapitalization

b) Failure to observe corporate formalities

c) Absence of corporate records

d) Insolvency of corporation at time of transaction

e) Siphoning off of funds by the dominant shareholder(s)

f) Shareholders guarantying corporate liabilities in their individual
   capacities

g) Nonfunctioning officers or directors

h) Lack of officers or directors

i) Failure to issue stock

j) Absence of consideration for stock

k) Corporation is a facade of the operation of the dominant
   shareholder(s)

l) Corporation's inability to meet payroll and other obligations

m) Commingling of funds or assets

n) Stripping the corporation of assets in anticipation of litigation

o) Use of the corporate shell to advance purely personal ends

p) Treatment of corporate assets as personal assets

q) Cash advances to shareholders/officers/directors

r) Advances to corporation by shareholders

s) Undocumented loans

t) Use of individual rather than corporate checks and

u) Fraud and misrepresentation with respect to Trust Fund plan assets of which Individual Defendants were fiduciaries for their employees covered by the Bargaining Agreement and trust agreements.

26.    Individual Defendant should be held liable for all the judgments entered in favor of Trust Funds and/or delinquent contributions and sums owed pursuant to the Bargaining Agreement and related trust fund documents as a matter of equity and fairness to Trust Funds based on all or some of the following relevant factors:

a) Nonpayment of trust fund obligations by Hualalai Mechanical;

b) Violation of statute or public policy;

c) Misrepresentations by Hualalai Mechanical and/or shareholders/officers/directors; and/or

d) The acting principals of Hualalai Mechanical, were responsible for and ratified administrative decisions exercised on behalf of Hualalai Mechanical, were vested with the authority to exercise discretionary control over the management of the financial responsibilities and business affairs of Hualalai Mechanical, and exercised discretionary control over the management of the financial responsibilities and business affairs of Hualalai Mechanical including, but not limited to, authorizing and tendering the payment of contributions and withholdings due to the funds pursuant to the Bargaining Agreement and trust fund agreements; and/or

e) The acting principals of Hualalai Mechanical intentionally misrepresented to Trust Funds the amount of hours worked by its employees by failing to report and/or transmit contributions in a timely fashion to Trust Funds.

27.     Trust Funds are informed and believe and thereon alleges that as a result of the failure of Individual Defendant to operate Hualalai Mechanical in the manner required by law, trust fund assets have been improperly diverted from Trust Funds to Hualalai Mechanical and/or Individual Defendant.  To the extent it is determined that Hualalai Mechanical is the alter ego of Individual Defendant, Individual Defendant should be held individually liable for any judgment entered against Hualalai Mechanical.

<u>COUNT III (Individual Defendant – Breach of Fiduciary Duty)</u>

28.     Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

29.     Individual Defendant should be held personally liable for any judgment entered in favor of Trust Funds and/or delinquent contributions and sums owed pursuant to the Bargaining Agreement and related trust fund document as it related to Hualalai Mechanical, due to breach of his fiduciary duties as set forth in the various trust agreements and the Employee Retirement Security Act of 1974 ("ERISA").

30.     Individual Defendant is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.

31.     The trust fund contributions were and are plan assets at all relevant times as the payment of contributions due from Hualalai Mechanical to the Trust

Funds accrued and was considered as being held in trust by Hualalai Mechanical

for the benefit of the Trust Funds to whom such contributions are due and payable.

*See* 29 Code of Federal Regulations §2510.3-102.

32.   ERISA required Individual Defendant, as fiduciary, to "discharge his

duties with respect to a plan solely in the interests of the participants and

beneficiaries…for the exclusive purpose of…providing benefits to the participants

and their beneficiaries…."  29 U.S.C. §1104(a)(1)(A)(I).

33.   ERISA imposes personal liability upon Individual Defendant by

providing that "any person who is a fiduciary…who breaches any of the

responsibilities, obligations, or duties imposed upon fiduciaries shall be personally

liable to make good to such plan any losses to the plan resulting from each such

breach…."  29 U.S.C. §1109(a).

34.   Individual Defendant breached his fiduciary duties by intentionally

failing to report and/or pay the required contributions to Trust Funds and failing to

discharge their duties as set forth by ERISA and 29 U.S.C. §1104(a).

35.   Trust Funds have been damaged as a result of Individual Defendant's

action in an amount to be proven at trial.

COUNT IV (Hualalai Mechanical and Individual Defendant – Constructive Trust)

36.   Trust Funds repeat, reallege and incorporate by reference each and

every allegation set forth above.

37.     As a result of Hualalai Mechanical's and/or Individual Defendant's breach of their fiduciary duties of care and loyalty to the participants and beneficiaries of Trust Funds as alleged herein, plan assets have been improperly diverted from Trust Funds to Hualalai Mechanical and/or Individual Defendant.

38.     A constructive trust should be imposed upon the assets of Hualalai Mechanical and/or Individual Defendant to be held for the benefit of those participants employed by Hualalai Mechanical and their beneficiaries under the Trust Funds.

WHEREFORE, Trust Funds pray as follows:

(1)     For judgment against Hualalai Mechanical and Individual Defendant for outstanding trust fund contributions and liquidated damages, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs;

(2)     For imposition of a constructive trust on the assets of Hualalai Mechanical and/or Individual Defendant; and

(3)     Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, August 12, 2016.


    /s/ Christin D. Wehrsig
JARED N. KAWASHIMA
CHRISTIN D. WEHRSIG
Attorney for Plaintiffs