IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND, ET AL., | ) ) ) | CIVIL NO. 16-00455 ACK-RLP |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF |
| vs. | ) ) ) | DEFAULT JUDGMENT AGAINST DEFENDANTS HUALALAI MECHANICAL LLC AND CLYDE SAKATA |
| HUALALAI MECHANICAL LLC, CLYDE SAKATA, ET AL., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANTS HUALALAI MECHANICAL LLC AND CLYDE SAKATA[1]

Plaintiffs filed their Motion for Entry of Default

Judgment Against Defendants Hualalai Mechanical LLC and Clyde

Sakata on November 15, 2016 ("Motion").  ECF No. 13.  Defendants

were served with a copy of the Motion, but did not file an

opposition or otherwise respond to the Motion.  See ECF No. 13-

10.  The Court found the Motion suitable for disposition without

a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice

of the United States District Court for the District of Hawaii.

ECF No. 14.  After careful consideration of the Motion, the

declarations, exhibits, and the record established in this

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

<u>BACKGROUND</u>

Plaintiffs filed their Complaint against Defendants on August 12, 2016. ECF No. 1. The Complaint alleges that Defendant Hualalai Mechanical LLC ("Hualalai Mechanical") entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant Hualalai Mechanical's covered employees. <u>Id.</u> ¶¶ 10-14. Contributions were to be paid on or before due dates specified in the collective bargaining agreement. <u>Id.</u> ¶ 13. Plaintiffs claim that Defendant Hualalai Mechanical failed to make required contributions for the months of August 2015, December 2015, and April 2016 to the present. <u>Id.</u> ¶ 16. Plaintiffs claim they are entitled to unpaid contributions, liquidated damages, and attorneys' fees and costs. <u>Id.</u> ¶¶ 18-23.

Plaintiffs allege that Defendant Sakata was an officer of Defendant Hualalai Mechanical. <u>Id.</u> ¶ 7. Plaintiffs allege that Defendant Hualalai Mechanical was the alter ego and/or the mere instrumentality of Defendant Sakata based on "all or some" of twenty-one "relevant factors" listed by Plaintiffs. <u>Id.</u> ¶

25.[2]  Plaintiffs also allege that Defendant Sakata should be held liable for all judgments entered against Defendant Hualalai Mechanical "based on all or some of the following relevant factors:"

> a) Nonpayment of trust fund obligations by Hualalai Mechanical;
>
> b) Violation of statute or public policy;
>
> c) Misrepresentations by Hualalai Mechanical and/or members/officers/directors; and/or
>
> d) The acting principals of Hualalai Mechanical were responsible for and ratified administrative decisions exercised on behalf of Hualalai Mechanical were vested with the authority to exercise discretionary control over the management of the financial responsibilities and business affairs of Hualalai Mechanical and exercised discretionary control over the management of the financial responsibilities and business

---

[2] Plaintiffs list the following "relevant factors": a) Undercapitalization; b) Failure to observe corporate formalities; c) Absence of corporate records; d) Insolvency of corporation at time of transaction; e) Siphoning off of funds by the dominant shareholder(s); f) Shareholders guarantying corporate liabilities in their individual capacities; g) Nonfunctioning officers or directors; h) Lack of officers or directors; i) Failure to issue stock; j) Absence of consideration for stock; k) Corporation is a facade of the operation of the dominant shareholder(s); l) Corporation's inability to meet payroll and other obligations; m) Commingling of funds or assets; n) Stripping the corporation of assets in anticipation of litigation; o) Use of the corporate shell to advance purely personal ends; p) Treatment of corporate assets as personal assets; q) Cash advances to shareholders/officers/directors; r) Advances to corporation by shareholders; s) Undocumented loans; t) Use of individual rather than corporate checks; and u) Fraud and misrepresentation with respect to Trust Fund plan assets of which Individual Defendant was a fiduciary for the employees covered by the Bargaining Agreement and trust agreements. Id. ¶ 25.

> affairs of Hualalai Mechanical including, but
> not limited to, authorizing and tendering the
> payment of contributions and withholdings due
> to the funds pursuant to the Bargaining
> Agreement and trust fund agreements; and/or
>
> e) The acting principals of Hualalai
> Mechanical intentionally misrepresented to
> Trust Funds the amount of hours worked by its
> employees by failing to report and/or transmit
> contributions in a timely fashion to Trust
> Funds.

Id. ¶ 23. In addition, Plaintiffs assert a claim for breach of
fiduciary duty against Defendant Sakata alleging that he is a
fiduciary under the Employee Retirement Income Security Act of
1974 ("ERISA") "because he exercised authority or control
respecting management of disposition of plan assets." Id. ¶ 30.
Plaintiffs allege that Defendant Sakata breached his fiduciary
duties by intentionally failing to report and/or pay the required
contributions. Id. ¶ 34. Plaintiffs ask for a monetary award
against Defendants and imposition of a constructive trust on the
assets of Defendants. Id. at 14-15.

The Clerk entered default against Defendant Hualalai
Mechanical and Defendant Aguinaldo pursuant to Rule 55(a) of the
Federal Rules of Civil Procedure on October 30, 2014. ECF No.
10. The present Motion followed.

<u>ANALYSIS</u>

Default judgment may be entered for the plaintiff if
the defendant has defaulted by failing to appear and the
plaintiff's claim is for a "sum certain or for a sum which can by

4

computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2).
The granting or denial of a motion for default judgment is within
the discretion of the court.  Haw. Carpenters' Trust Funds v.
Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default
does not entitle the non-defaulting party to a default judgment
as a matter of right.  Valley Oak Credit Union v. Villegas, 132
B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily
disfavored, and cases should be decided on their merits if
reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th
Cir. 1986).  The court should consider the following factors in
deciding whether to grant a motion for default judgment:

> (1)   the possibility of prejudice to the
>        plaintiff;
>
> (2)   the merits of plaintiff's substantive
>        claim;
>
> (3)   the sufficiency of the complaint;
>
> (4)   the sum of money at stake in the action;
>
> (5)   the possibility of a dispute concerning
>        material facts;
>
> (6)   whether the default was due to excusable
>        neglect; and
>
> (7)   the strong policy underlying the Federal
>        Rules of Civil Procedure favoring
>        decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint,
except those relating to the amount of damages, will be taken as

true." <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled.  <u>Fair Hous. of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A.   Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendants.  <u>See</u> <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended.  <u>See</u> 29 U.S.C. §§ 1132(e), 1145.  Second, the Court has personal jurisdiction over

Defendants.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction.  Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)).  Here, Plaintiffs assert that service was made on Defendant Hualalai Mechanical through its designated agent Defendant Sakata on September 15, 2016.  ECF No. 7.  Defendant Sakata was also personally served on September 15, 2016.  ECF No. 8.  This service is sufficient under 29 U.S.C. § 1132(e)(2) to establish jurisdiction over both Defendant Hualalai Mechanical and Defendant Sakata.

### B.   Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.  The Court will address each factor in turn.

### 1.   The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

### 2.   Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual

7

allegations in the complaint are taken as true on default.  <u>See</u>
<u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>,
285 F.3d at 906.

Regarding Defendant Hualalai Mechanical, Plaintiffs
brought this action against Defendant Hualalai Mechanical for
unpaid contributions.  <u>See</u> 29 U.S.C. §§ 1132(a), 1145; ECF No. 1
¶¶ 13-23.  The terms of the collective bargaining agreement
require Defendant Hualalai Mechanical to pay to Plaintiffs
certain contributions based on work performed by Defendant
Hualalai Mechanical covered employees.  ECF No. 1 ¶ 13; ECF Nos.
13-5, 13-6.  Defendant Hualalai Mechanical employed workers
covered by the collective bargaining agreement and those workers
performed work for Defendant Hualalai Mechanical when the
collective bargaining agreement was in effect.  <u>Id.</u> ¶¶ 14-16.
Defendant Hualalai Mechanical failed to make required
contributions to Plaintiffs.  <u>Id.</u>  The Court finds that
Plaintiffs' allegations, taken as true, are sufficient to
establish that Plaintiffs are entitled to judgment against
Defendant Hualalai Mechanical related to the unpaid contributions
and constructive trust.  Accordingly, this factor weighs in favor
of default judgment as to Defendant Hualalai Mechanical.

Regarding Defendant Sakata, the Court finds that the
claims against Defendant Sakata are insufficient to establish
liability against Defendant Sakata.  Plaintiffs allege that

Defendant Sakata should be personally liable for Defendant
Hualalai Mechanical's failure to make the required contributions
because Defendant Hualalai Mechanical "was the alter ego and/or
the mere instrumentality" of Defendant Sakata.  Id. ¶ 22.
Plaintiffs allege that Defendant Hualalai Mechanical is a Hawaii
limited liability company.  Id. ¶ 8.  Plaintiffs allege that
Defendant Sakata was an "officer" of Defendant Hualalai
Mechanical.  Id. ¶ 7.  Under Hawaii Revised Statutes Section
428-303(a), a manager of a limited liability company "shall not
be personally liable for any debt, obligation, or liability of
the company solely by reason of being or acting as a member or a
manager."  Haw. Rev. Stat. § 428-303(a).  Further, under
subsection (b), the failure of a limited liability company to
observe the usual company formalities "shall not be a ground for
imposing personal liability on the members or managers for
liabilities of the company."  Haw. Rev. Stat. § 428-303(b).
Accordingly, "the standard for piercing the veil of a limited
liability company is at least as stringent as that for piercing
the veil of a corporation."  See Adwalls Media, LLC v. Adwalls,
LLC, Civil No. 12-00614 SOM/BMK, 2013 WL 4482501, at *4 (D. Haw.
Aug. 20, 2013).  The corporate form will only be set aside when
"recognition of the corporate fiction would bring about injustice
and inequity or when there is evidence that the corporate fiction
has been used to perpetrate a fraud."  Robert's Haw. Sch. Bus,

Inc. v. Laupahoehoe Trans. Co., Inc., 982 P.2d 853, 854 (Haw. 1999) (quoting Chung v. Animal Clinic, Inc., 636 P.2d 721, 723 (Haw. 1981)); see also Seymour v. Hull & Moreland Eng'g, 605 F.2d 1105, 1111 (9th Cir. 1979) (listing three factors to be considered in piercing a corporate veil: "the amount of respect given to the separate identity of the corporation by its shareholders, the degree of injustice visited on the litigants by recognition of the corporate entity, and the fraudulent intent of the incorporators").

Here, Plaintiffs do not allege any facts related to their alter ego claim.  Instead, Plaintiffs make only conclusory allegations regarding alter ego.  As noted above, Plaintiffs allege that Defendant Hualalai Mechanical was "the alter ego and/or the mere instrumentality" of Defendant Aguinaldo based on "all or some" of twenty-one "relevant factors" listed by Plaintiffs.  ECF No. 1 ¶ 25.  These twenty-one "relevant factors" are listed, but there are no factual allegations to support any of them.  See id.  Many of the factors listed do not appear to be applicable to a limited liability company or to the issues in this case.  See id.  Additionally, Plaintiffs allege that Defendant Sakata should be held liable for any judgment entered against Defendant Hualalai Mechanical "based on all or some of the following relevant factors" including nonpayment of trust fund obligations, violation of statute or public policy,

10

unspecified "misrepresentations," and that the "acting principals" of Defendant Hualalai Mechanical were responsible for its business affairs and failed to transmit the required reports or contributions to Plaintiffs.  Id. ¶ 26.  As with the twenty-one factors above, these factors are listed, but not support by any allegations of fact sufficient to pierce the corporate veil. The Court finds that Plaintiffs' conclusory allegations fail as a matter of law to establish alter ego liability as to Defendant Sakata.

Further, the Court finds that Plaintiffs allegations regarding breach of fiduciary duty are likewise insufficient. Plaintiffs allege that Defendant Sakata is a fiduciary under ERISA.  See id. ¶ 27.  "To qualify as an ERISA fiduciary, an individual or entity must either (i) be named or designated as a fiduciary under the terms of an ERISA plan pursuant to 29 U.S.C. § 1102(a); or (ii) act as a 'functional' or 'de facto' fiduciary with respect to an ERISA plan by exercising discretionary control over the management or administration of the plan or its assets pursuant to 29 U.S.C. § 1002(21)(A)."  Carr v. Int'l Game Tech., 770 F. Supp. 2d 1080, 1088 (D. Nev. 2011).  Plaintiffs do not allege that Defendant Sakata was a named fiduciary under the plan.  Instead, Plaintiffs allege that the contributions owed by Defendant Hualalai Mechanical were "being held in trust" for the benefit of the plan and therefore, should be considered trust

11

assets.  ECF No. 1 ¶ 31.  Plaintiffs allege that Defendant Sakata breached his fiduciary duties by failing to report and/or pay those contributions.  Id. ¶ 34.  Plaintiffs' allegations fail as a matter of law.  First, Plaintiffs allegation that contributions should be considered plan assets is not supported by Ninth Circuit case law.  The Ninth Circuit has held that "[u]ntil the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation."  Cline v. The Indus. Maint. Eng'q & Contracting Co., 200 F.3d 1223, 1234 (9th Cir. 2000).  Second, even assuming that the unpaid contributions could be considered plan assets, Plaintiffs do not allege any facts to support their conclusory allegation that Defendant Sakata exercised authority or control over the disposition of plan assets.  Plaintiffs do not allege any facts regarding Defendant Sakata's responsibilities with respect to contributions collected by Defendant Hualalai Mechanical.  Defendant Sakata's status as an "officer" of Defendant Hualalai Mechanical is insufficient to establish that he is a fiduciary.  See 29 C.F.R. § 2509.75-8 (stating that an officer of an employer that sponsors an employee benefit plan is not a fiduciary solely by reason of holding such office).  The Court finds that Plaintiffs' allegations, taken as true, are insufficient to establish that Plaintiffs are entitled to judgment against Defendant Sakata for alter ego liability or

12

for breach of fiduciary duty.  Accordingly, this factor weighs against default judgment as to Defendant Sakata.

### 3.   Sufficiency of the Complaint

Regarding Defendant Hualalai Mechanical, the allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion, which weighs in favor of default judgment as to Defendant Hualalai Mechanical.  Regarding Defendant Sakata, as detailed above, the allegations in the Complaint are insufficient to establish liability, which weighs against default judgment as to Defendant Sakata.

### 4.   Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Here, Plaintiffs seek $55,165.40 for delinquent contributions, $16,328.35 in liquidated damages, and $3,739.29 in attorneys' fees and costs.  ECF No. 13-1 at 10.  Plaintiffs' damages request is tailored to Defendant Hualalai Mechanical's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreement.  The Court finds that this factor weighs in favor default judgment against Defendant Hualalai Mechanical.

### 5.   Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendants have been given a fair amount of time to answer the Complaint and deny the allegations therein; Defendants have not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6.   Whether Default was Due to Excusable Neglect

The Court finds that Defendants' default was not the result of excusable neglect. Plaintiffs served Defendants on September 15, 2016. ECF Nos. 7, 8. Defendants did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendants with notice of this Motion. ECF No. 13-10. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendants have not appeared in this matter to date. The record suggests that Defendants' default was not the result of any excusable neglect, but rather due to Defendants' conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7.   Policy Favoring Decisions on the Merits

Defendants' failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.

14

Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendants have failed to defend this action and have consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendants.

### 8.    Totality of Eitel Factors

Regarding Defendant Hualalai Mechanical, the Court finds that the totality of the factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant Hualalai Mechanical.

Regarding Defendant Sakata, the Court finds that the totality of the factors including the insufficiency of the allegations against Defendant Sakata in the Complaint weighs against entering default judgment against Defendant Sakata.

### C.    Damages as to Defendant Hualalai Mechanical

Plaintiffs request the following:  (1) $55,165.40 for delinquent contributions; (2) $16,328.35 in liquidated damages; and (3) $3,739.29 in attorneys' fees and costs.  ECF No. 13-1 at 10.  Each category of requested relief is addressed below.

15

### 1.   Delinquent Contributions

Plaintiffs contend that Defendant Hualalai Mechanical owes delinquent contributions in the amount of $55,165.40 for the months of April 2016 to September 2016.  In support of this contention, Plaintiffs submitted a summary of contributions owed which reflects $55,165.40 in outstanding contributions for the months specified in the Complaint.  ECF No. 13-8.  The Court finds Plaintiffs have established damages in the amount of $55,165.40 for delinquent contributions.

### 2.   Liquidated Damages

Plaintiffs seek liquidated damages of $16,328.35 for the months of March 2015 through September 2016.  This amount is also itemized on the summary.  ECF No. 13-8.  The collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(C) provide that Plaintiffs are entitled to recover liquidated damages equal to ten percent of delinquent trust fund contributions.  See ECF No. 13-6 at 4; 29 U.S.C. § 1132(g)(2)(C).  Based on Plaintiffs' documentation, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established liquidated damages in the amount of $16,328.35.

### 3.   Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent

16

contributions under 29 U.S.C. § 1132(g) and § 1145.
Additionally, the collective bargaining agreement requires
Defendant Hualalai Mechanical to pay "reasonable attorney's fees
and costs." ECF No. 13-6 at 4. Reasonable attorneys' fees are
generally based on the traditional "lodestar" calculation, which
multiplies (1) the number of hours reasonably expended by (2) a
reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433
(1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir.
2000). The lodestar amount may also be adjusted based on an
evaluation of the factors articulated in Kerr v. Screen Extras
Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been
subsumed in the lodestar calculation. See Fischer, 214 F.3d at
1119 (citation omitted).

Here, Plaintiffs request $3,739.29 for attorneys' fees
and costs. Decl. of Christin D. Wehrsig submitted in support of
Mot. ("Wehrsig Decl."), ECF NO. 13-3, ¶ 6. The fees requested
represent 0.8 hours worked by Jared N. Kawashima, Esq., at a rate
of $250 per hour ($200 total), and 15.2 hours worked by Christin
D. Wehsig, Esq., at a rate of $195 per hour ($2,964 total). ECF
No. 13-4. Mr. Kawashima has twenty-two years of experience; Ms.
Wehrsig has three years of experience. Wehrsig Decl. ¶ 6-7. The
Court finds that the hours requested and the requested hourly
rates are reasonable. Based on the invoices submitted with the
Motion, the Court also finds that Plaintiffs are entitled to

$106.97 in taxes and $468.32 in costs reasonably incurred in this action.  See ECF No. 13-4.  In total, the Court finds that Plaintiffs are entitled to an award of $3,739.29 in attorney's fees and costs.


                          CONCLUSION

        In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART as follows:

        (1) Plaintiffs' request for default judgment against Defendant Hualalai Mechanical LLC be GRANTED;

        (2) Plaintiffs' request for default judgment against Defendant Clyde Sakata be DENIED;

        (3) Plaintiffs be awarded damages in the amount of $55,165.40 for delinquent contributions, $16,328.35 for liquidated damages, and $3,739.29 in attorneys' fees and costs against Defendant Hualalai Mechanical LLC.

        IT IS SO FOUND AND RECOMMENDED.

        DATED AT HONOLULU, HAWAII, DECEMBER 21, 2016.

                                    Richard L. Puglisi
                                    United States Magistrate Judge


**PAMCAH-UA LOCAL 675 PENSION FUND, ET AL. vs. HUALALAI MECHANICAL LLC, CLYDE SAKATA, ET AL.**; CIVIL NO. 16-00455 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS HUALALAI MECHANICAL LLC AND CLYDE SAKATA